

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 4 2015

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

4-15CV-542-0

| | | |
|---|---|---|
| ORVILLE TOOTHMAN, | ) | Case No. _____ |
| 157 Terry Street | ) | |
| Farmington, Arkansas   72730 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| c/o Office of the | ) | |
|    United States Attorney | ) | |
| 1100 Commerce Street, Third Floor | ) | |
| Dallas, Texas 75242-1699 | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Orville Toothman, Plaintiff herein, proceeding *pro se*,

here-with complains against Defendant United States of America,

pur-suant to *Federal Tort Claims Act*, 28 U.S.C. § 1346 *et. seq.*

1. *Parties:* Plaintiff Orville Toothman was at all times

relevant to this *Complaint* and remains a resident of the City of

2.    Defendant United States of America is a body politic which, for purposes of this litigation, operates through its executive branch an agency of government known as the United States Department of Justice.  The Federal Bureau of Prisons ("BOP") is a component agency of said Department of Justice. The BOP is custodian of persons convicted of Federal offenses and sentenced to incarceration, and — among other functions — provides health care and medical treatment to persons in its custody.

3.    *Jurisdiction and Venue:*  This action arises under the *Federal Tort Claims Act*, 28 U.S.C. § 2671 *et seq*.  The acts and omissions complained of herein occurred between January 1, 2011, and June 30, 2012 (hereinafter referred to as "the Relevant Period").  On or about December 30, 2014, Plaintiff filed an administrative claim with the BOP on Department of Justice Standard Form 95, which claim was assigned Tort Claim No. TRT-SCR-2015-01865.  The BOP denied the aforesaid tort claim by letter dated January 28, 2015.  Plaintiff thus has exhausted administrative remedies pursuant to 28 *U.S.C.* § 2675(a).

4.    This Court has jurisdiction of the instant action pursuant to 28 U.S.C. § 1331 — because this case arises under the *Federal Tort Claims Act* — and 28 U.S.C. § 1346, in that this Court has original jurisdiction over all claims against the

United States of America and its various agencies, including the BOP.

5.     Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1402(b), in that the plaintiff currently resides in this judicial district.  During the Relevant Period, Plaintiff was incarcerated by the BOP (with Inmate Register No. 08086-010) at the low facility at the Federal Correctional Institution — Ft. Worth (hereinafter "FCI Fort Worth"), located in the County of Tarrant, within the bounds of this judicial district.  The errors and omissions complained of herein were committed at said FCI Fort Worth.

**COUNT 1**

6.     Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

7.     Defendant, the United States of America, owed a duty to Plaintiff to provide him with competent, safe and acceptable medical care and treatment, and to do so in accordance with the applicable standard of care governing the provision of said treatment and care.

8.     This claim arises from failure of officers, agents and employees of an agency of the United States, the BOP, to provide Plaintiff with the level of care reasonably necessary to address uncontrolled his various eye disorders, including without

limitation intraocular pressure in his eyes.  Such services are provided, and were in this case provided, by medical professionals ("LMPs") appropriately licensed by the State of Texas, who were at all times relevant to this Complaint employees of the BOP, and acting within the scope of their employment.

9.   Plaintiff was treated by LMPs for eye disorders throughout his incarceration.  At all times since Plaintiff arrived at FCI Fort Worth, the BOP health services LMPs knew and reasonably knew that he had suffered and continued to suffer from retinopathy of prematurity (ROP) and poor visual acuity since birth, and that at all times relevant to his claim, Plaintiff suffered from macular degeneration, glaucoma and retinoschisis.

10.   On or about April 5, 2011, Plaintiff was evaluated by a licensed medical professional who was an independent contractor of the BOP, selected, guided and paid by the BOP.  That medical professional expressed concern over worsening pressure inside Plaintiff's eyes, and rendered medical advice to the FCI Fort Worth LMPs that Plaintiff be treated with medications and a follow-up appointment in three weeks.

11.   It is the responsibility of the FCI Fort Worth staff and within the standard of care applicable to the FCI Fort Worth Health Services staff's duties toward Plaintiff that said staff

is responsible to schedule all necessary appointments with the
Health Services and the medical professionals who provide ser-
vices pursuant to contract.  Nevertheless, the FCI Fort Worth
Health Services staff did not schedule follow-up appointment
ordered by the consulting medical professional in April 2011.

12.  On or about June 28, 2012, Plaintiff was examined by
an ophthalmology physician providing services to FCI Fort Worth
pursuant to contract.  That physician, who also was concerned
about intraocular pressure, directed that Plaintiff be evaluated
promptly by the Eye Clinic at John Peter Smith Hospital, Fort
Worth, Texas.  Despite his directive, the FCI Fort Worth Health
Services staff did not schedule such an evaluation.  Plaintiff's
repeated expressions of concern for his deteriorating vision and
the lack of a timely evaluation led to his filing multiple
administrative remedy requests.  Only after the repeated filing
of these requests did the FCI Fort Worth Health Services LMPs
finally attempt to schedule the requested evaluation.  The FCI
Fort Worth LMPs' attempt to set an appointment was made on or
about September 24, 2012.

13.  Plaintiff's vision continued to deteriorate during the
period from June 28, 2012, through the end of 2012.  The
appointment first sought in September 2012 did not occur until
January 2013, despite the fact that the FCI Fort Worth Health

Services staff knew and reasonably knew that Plaintiff's vision was steadily deteriorating over the period from April through December 2012, and that its consulting medical professionals had previously expressed concern that such deterioration was the foreseeable result of Plaintiff not being provided with the recommended medical services in a timely manner.  During this period, FCI Fort Worth Health Services exhibited deliberate indifference to Plaintiff's medical needs.

14.  The evaluation requested September 24, 2012, finally occurred on January 8, 2013.  By this point, Plaintiff had suffered grave deterioration to his vision due to intraocular pressure.  When licensed medical practitioners at John Peter Smith Hospital evaluated Plaintiff on January 8, 2013, they concluded that because of the lapse of time since the last appointment, which occurred June 28, 2012, Plaintiff's vision deterioration was irreversible, and he was permanently blind.

15.  Although his sight was limited prior to June 28, 2012, Plaintiff was able to read, navigate and perform all basic functions requiring sight.  Between June 28, 2012, and January 8, 2013, he lost those abilities.

16.  The LMPs at FCI Fort Worth provided Plaintiff with treatment that fell below the reasonably accepted standards of care, and they were negligent.  As a result, Plaintiff did not

receive timely treatment necessary to preserve his sight, and be was blinded.

17. Had Plaintiff received the timely treatment which the FCI Fort Worth LMPs knew and reasonably knew was necessary to preserve his sight, Plaintiff would not have lost his sight.

18. As a direct and proximate result of the aforementioned negligence and breach of the applicable standard of care on the part of The United States of America and its employees, Plaintiff suffered and has continue to suffer from permanent blindness, and has incurred and continues to incur substantial and continuing medical and other expenses.

WHEREFORE, this Complaint should be granted, judgment should be entered in favor of Plaintiff in the amount of the lesser of $1 million or the amount demanded in the aforesaid Tort Claim No. TRT-SCR-2015-01865, costs should be assessed against Defendant, and the Court should grant such additional relief to Plaintiff as is appropriate in the premises.

Executed July 20, 2015

Orville Toothman
157 Terry Street
Farmington, Arkansas   72730
(479) 267-4903

[VERIFICATION ON FOLLOWING PAGE]

VERIFICATION

I have had the entire foregoing *Complaint* read aloud to me. The statements of fact set out herein are true to the best of my knowledge and belief, unless identified as being made pur-suant to information and belief, and — as to such statements — I verily believe them to be true. I declare under penalty of perjury that the foregoing is true and correct. Executed on July 20, 2015.

_____
Orville Toothman

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Orville Toothman

**DEFENDANTS**
United States of America

**(b)** County of Residence of First Listed Plaintiff    Washington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se, 157 Terry Street
Farmington, Arkansas 72730 -
(479) 267-4903, jenlramey07@yahoo.com

Attorneys *(If Known)*
United States Attorney for the Northern District of Texas, Civil Desk,
1100 Commerce Street, Third Floor, Dallas, Texas 75242-1699

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
      Plaintiff
- ☒ 2  U.S. Government
      Defendant
- ☐ 3  Federal Question
      *(U.S. Government Not a Party)*
- ☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☒ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original
      Proceeding
- ☐ 2  Removed from
      State Court
- ☐ 3  Remanded from
      Appellate Court
- ☐ 4  Reinstated or
      Reopened
- ☐ 5  Transferred from
      Another District
      *(specify)*
- ☐ 6  Multidistrict
      Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1346
Brief description of cause:
Medical malpractice against Federal Bureau of Prisons pursuant to Fed. Tort Claims Act

**VII. REQUESTED IN
COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

**VIII. RELATED CASE(S)
IF ANY**
*(See instructions):*    JUDGE                                DOCKET NUMBER

DATE
07/22/2015

SIGNATURE OF ATTORNEY OF RECORD
X Orville Toothman

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE